Filed 9/2/22  P. v. Jackson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095619 |
| v. | (Super. Ct. No. STK-CR-FE-2019-0000342) |
| TAVARES DESHAWN JACKSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Tavares Deshawn Jackson asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will dismiss the appeal as from a nonappealable order.

BACKGROUND

Defendant pleaded no contest to attempted premediated murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a))[1] and admitted enhancement allegations that he inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a firearm in the

---

[1] Undesignated statutory references are to the Penal Code.

1

commission of the offense (§ 12022.5, subd. (a)). In accordance with the plea, the trial court sentenced defendant to an aggregate term of 16 years in prison.

Nearly seven months after his judgment was rendered, defendant filed a pro. per. petition asking the trial court to modify or strike his enhancements pursuant to Senate Bill No. 81 (2021-2022 Reg. Sess.). (Stats. 2021, ch. 721, § 1.) The trial court summarily denied the petition. Defendant appealed the denial.

## DISCUSSION

Generally, " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.) "There are important exceptions to this rule. Section [1172.1],[2] subdivision (a) gives a trial court the authority to recall a sentence on its own motion within 120 days of the defendant's remand, or at any time upon a request by various law enforcement officials. [Citation.] The Legislature has also created other specific statutory avenues for incarcerated defendants to seek resentencing in particular cases. (See, e.g., §§ [1172.6], 1170.126, 1170.18.) If a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has the inherent power to correct its own records at any time. [Citation.] And a trial court may of course rule on a defendant's challenge to an unlawful sentence in a properly filed petition for a writ of habeas corpus." (*Id*. at p. 637.)

---

**2** Assembly Bill No. 200 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58), which became operative June 30, 2022, renumbered various resentencing provisions without substantive change. Relevant here, former section 1170.03 is now section 1172.1 and former section 1170.95 is now section 1172.6. (Stats. 2022, ch. 58, §§ 9, 10.)

None of these exceptions applies here. Defendant's sentence began more than half a year before he filed the Senate Bill No. 81 petition. That legislation did not give courts the authority to resentence final judgments such as defendant's. Accordingly, the trial court lacked jurisdiction to modify defendant's sentence. The denial of a motion the trial court has no jurisdiction to grant "does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King, supra*, 77 Cal.App.5th at p. 639.)

Accordingly, we must dismiss defendant's appeal.

DISPOSITION

The appeal is dismissed.

/S/<br>
MAURO, Acting P. J.

We concur:

/S/<br>
DUARTE, J.

/S/<br>
HOCH, J.